UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DANIEL CENTENO,

                Plaintiff,                00 Cv. 6456 (DFE)

   -against-

                                            **REPLY MEMORANDUM**

CITY OF NEW YORK, STEVEN BROWN,
MICHAEL BANKS, and ANTHONY CAFFERTY,

                Defendants.
-------------------------------------------------------------X

## PLAINTIFF HAS SHOWN EXTRAORDINARY CIRCUMSTANCES EXIST FOR RULE 60(B)(6) PURPOSES

Defendant's contention that Plaintiff has not demonstrated extraordinary circumstances justifying relief is incorrect. Defendant argues that the actions of plaintiff's original attorney, Michael Bressler, do not amount to extraordinary circumstances because there is no evidence that Bressler "constructively disappeared." Defendant asserts that because there is no evidence demonstrating that Bressler suffered from a psychological disorder which rendered him unable to pursue the case, there can be no finding of constructive disappearance. (Def. Opp. at 6).

The Second Circuit has clearly held that an attorney's negligence alone is not a basis for relief under Rule 60(b)(6), but that a party may be entitled to relief under Rule 60(b)(6) where the neglect resulted from mental illness. United States v. Cirami, 563 F.2d 26 (2d Cir. 1977). Clarifying the this standard, the Court held, "[t]o be "extraordinary circumstances" for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004) (internal citations omitted).

Plaintiff concedes that in the present action there is no evidence presented that Michael

Bressler suffered from a mental disease or psychological disorder. However, Bressler's failures were not merely neglect or negligence. As detailed in Plaintiff's Memorandum, Bressler voluntarily dismissed plaintiff's case while telling plaintiff that the action was still pending.  It is a clear case of attorney abandonment where a lawyer stipulates to dismiss his client's action, without the knowledge or approval of the client, and then engages in a spirited and elaborate cover-up of that abandonment.

The nature, extent and character of this fraud perpetrated against plaintiff distinguishes this case from those cases where simple attorney neglect or failure to maintain a case load caused a dismissal. The pattern of Bressler's misconduct with respect to number of his cases, which ultimately led to his resignation fro the practice of law, <u>see</u>, <u>In the Matter of Michael R. Bressler</u>, 5 A.D.3d 47, 774 N.Y.S.2d 36 (1st Dept. 2004), constitutes an extraordinary circumstance for Rule 60(b)(6) purposes.

## PLAINTIFF'S MOTION WAS MADE WITHIN A REASONABLE TIME IN LIGHT OF ALL OF THE CIRCUMSTANCES OF THIS CASE

As more fully detailed in the Plaintiff's Memorandum, upon learning of the dismissal of his case, Plaintiff acted immediately and contacted another law firm.  That firm did not advise plaintiff that a Motion to Vacate was an option, and further declined to pursue the matter. Plaintiff then contacted another attorney, who attempted to have the New York City Law Department consent to reopen the case.

In a follow-up letter dated June 25, 2005, to an April 11, 2005 phone call, Jonathan M. Landsman, Esq. detailed the circumstances surrounding this case to the New York City Law Department.  A copy of this letter is attached hereto as "Exhibit A" and made a part hereof.

Prior to filing this Motion to Vacate, plaintiff attempted to engage an attorney for purposes of reopening his case, and then had a second attorney attempt to have defendant vacate on consent the stipulation of discontinuance in contention. There is no indication that plaintiff abandoned or neglected this action.

In light of these circumstances, and because defendant was put on notice as early as April 11, 2005, that plaintiff was seeking to have the stipulation of discontinuance vacated, this motion has been made within a reasonable time. See, United States v. Ciami, 563 F.2d at 32.

## EQUITABLE CONSIDERATIONS FAVOR GRANTING PLAINTIFFS MOTION

A balancing of the equities favors granting plaintiff's motion. Plaintiff retained counsel and commenced this action in good faith. Through no fault of his own, but rather as a result of an extraordinary act of wrong-doing by plaintiff's initial counsel, the action was terminated. The direct beneficiary of this wrong-doing was defendant. Plaintiff spent over two years in prison because of an illegal stop and seizure of his person. Because of the unethical actions of others, his attempt to find redress before this court has been dismissed.

Defendant has asked the Court to dismiss plaintiff's motion based on equitable considerations arising mainly out of procedural defects. Defendant has not shown that plaintiff is unlikely to succeed on the merits; the claims of prejudice are ineffectual. In balancing the equities, allowing the plaintiff to be heard in court on the merits of his action far outweigh the issues presented by defendant.

## CONCLUSION

Based on the foregoing arguments, it is respectfully requested that this Court grant this Motion and allow Daniel Centeno to have his case reopened and considered on the merits.

Respectfully submitted,

_____
Talkin, Muccigrosso & Roberts, LLP
By: John N. McPadden
40 Exchange Place, 18th Floor
New York, NY 10005
(212) 482-0007